IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Breyan, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:23-cv-5175-BHH |
| v. ) | |
| ) | **ORDER** |
| Columbia Regional Care Center, ) | |
| and S.C. Department of Mental Health, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Michael Breyan's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 18 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On January 9, 2024, the Magistrate Judge issued an order notifying Petitioner that his petition was subject to summary dismissal because it did not provide a coherent explanation to support his petition. (ECF No. 8.) Specifically, the Magistrate Judge noted that, to the extent Petitioner was challenging his civil commitment at the Columbia Regional Care Center, he failed to explain how his hospitalization or the related proceedings violated his constitutional rights. The Magistrate Judge then offered Petitioner 21 days to file an amended petition curing the identified deficiencies, and the Magistrate Judge explained that a failure to do so may result in the summary dismissal of this action.

Despite the Magistrate Judge's specific warning, Petitioner did not file an amended petition within the allotted time frame; instead, he filed a series of motions which indicate that he is challenging his civil commitment at the Columbia Regional Care Center. (*See*

ECF Nos, 12, 13, 14.) Accordingly, on July 15, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without requiring Respondents to file a return and without further leave to amend. (ECF No. 17.) Essentially, the Magistrate Judge found that the instant petition is subject to dismissal for failure to state a claim upon which relief may be granted, and that, regardless, the Court lacks jurisdiction to entertain Petitioner's arguments regarding his civil commitment until he has exhausted his administrative remedies.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On July 30, 2024, Petitioner filed objections to the Magistrate Judge's Report. (ECF No. 19.) Petitioner also filed a motion for preliminary injunction, although the Court notes that the motion is not unique to this case and was filed in all of Petitioner's pending civil cases, and it simply says: "I Mr. Michael Breyan would like to file an injunction: to have all employees' accounts froze[n] until case is over [ ], so they can't say they bankrupt if they have income . . . and would l[i]ke the (preliminary injunctive relief) I'm [e]ntitled to . . .for the federal violations." (ECF No. 21.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific

objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review of Petitioner's objections, the Court finds them unavailing as Petitioner simply repeats the allegations regarding his civil commitment and does not specifically respond to the Magistrate Judge's findings and analysis.  After review, regardless of whether under a *de novo* or clear error standard, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court agrees with the Magistrate Judge that this petition is subject to summary dismissal.  First, despite being given the opportunity to amend, Petitioner's collective filings (including even his objections) fail to present an intelligible claim for relief.  Petitioner's only semi-coherent argument–that the *nolle prosequi* entered in his criminal proceedings entitled him to release from the Columbia Care Regional Center–misunderstands the disposition of his criminal charges and the nature of his current hospitalization.  Furthermore, it is plain from the face of Petitioner's filings that he has not exhausted his state court remedies, such that this Court likely lacks jurisdiction to entertain his claims in any event.

Based on the foregoing, **the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 17); the Court overrules Petitioner's objections (ECF No. 19); the Court denies Petitioner's motion for preliminary injunction (ECF No. 21); and the Court ), and the Court dismisses this petition without further leave**

**to amend and without requiring Respondent to file a return.**

      **IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>
United States District Judge

February 13, 2025  
Charleston, South Carolina